**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| David A. Muehlhausen, | No. CV-24-08124-PCT-JAT |
| Petitioner, | **ORDER** |
| v. | |
| State of Arizona, et al., | |
| Respondents. | |

Pending before the Court is Petitioner David A. Muehlhausen's Amended Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (Doc. 11). This case was referred to Magistrate Judge Metcalf, who issued a Report and Recommendation ("R&R") recommending that the amended Petition be denied and dismissed with prejudice. (Doc. 28 at 25). Petitioner filed objections to this recommendation (Doc. 31), and Respondents filed a reply (Doc. 32). The Court now rules.

## I.    BACKGROUND

The R&R recounts the factual and procedural background of this case. (Doc. 28 at 1–6). Neither party objects to this recounting. Accordingly, the Court accepts and adopts it. The following summary of facts and procedural background is taken from the R&R.

Petitioner was charged with five counts of sale of a dangerous drug (methamphetamine); one count of sale of a narcotic drug (heroin); one count of possession of a dangerous drug for sale (methamphetamine); one count of possession of a narcotic drug for sale (heroin); and one count of possession of drug paraphernalia. Two counts were

dismissed. (Doc. 28 at 2).

Petitioner absconded and was convicted in absentia on the remaining charges. Petitioner was ultimately apprehended, and on February 24, 2020 was sentenced to an effective term of 25 years in prison, with credit for 192 days of presentence incarceration. (Doc. 28 at 2). On November 10, 2020, the Arizona Court of Appeals affirmed his convictions and sentence. (Doc. 28 at 2–3). Petitioner filed a Motion for Reconsideration and a Petition for Review in the Arizona Supreme Court, which were denied on February 3, 2021 and July 30, 2021, respectively. (Doc. 28 at 3).

On March 4, 2020, during the pendency of his direct appeal, Petitioner commenced his first post-conviction relief ("PCR") proceeding by filing a PCR Notice. (Doc. 28 at 3). The PCR court appointed counsel, no stay was requested, and no petition filed. Accordingly, the court summarily dismissed the proceeding without prejudice on August 6, 2020 for failure to file a petition. (Doc. 28 at 3). Counsel filed a Motion to Reinstate, which was denied, and no further review was sought. (Doc. 28 at 3).

On February 18, 2021, during the pendency of his Petition for Review on direct appeal, Petitioner commenced his second PCR proceeding by filing a PCR Notice. (Doc. 28 at 3). Petitioner asserted claims of: an illegal sentence; "questionable" police conduct regarding continued use of informant; sentencing error; prosecutorial misconduct re sentencing error; ineffective assistance of trial counsel re illegal sentence; and ineffective assistance of PCR counsel re illegal sentence. (Doc. 28 at 3). The superior court dismissed the second PCR petition on February 22, 2022. (Doc. 28 at 3). Petitioner appealed, and the Arizona Court of Appeals dismissed the appeal on December 13, 2022. (Doc. 28 at 4). On March 13, 2023, Petitioner filed a Petition for Review in the Arizona Supreme Court, which was summarily denied on June 27, 2023. (Doc. 28 at 4).

Petitioner commenced the current case by filing his Motion for Extension of Time to File Federal Petition for Writ of Habeas Corpus (Doc. 1) on June 21, 2024. On July 1, 2024, Petitioner lodged his proposed original Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 5). The Court granted the extension of time to the extent that the

lodged Petition was permitted to be filed, but denied Petitioner's motion to the extent he sought to deem the Petition timely filed for statute of limitations purposes. (Doc. 7 at 1).

On November 6, 2024, Petitioner filed an Amended Petition (Doc. 11) asserting the following grounds for relief:

1. ineffective assistance of counsel in violation of the Sixth Amendment;
2. the trial court abused its discretion by sentencing Petitioner "with incomplete files," in violation of the Fifth Amendment;
3. prosecutorial misconduct, in violation of the Fifth and Fourteenth Amendments
4. the trial court violated his right to equal protection at sentencing; and
5. the state court misidentified the relevant factors at sentencing and failed to adequately account for all relevant clearly established law.

(Doc. 28 at 5).

The R&R recommends the amended Petition be denied and dismissed with prejudice because it is barred by the statute of limitations, and because Petitioner's claims are all procedurally defaulted. (Doc. 28 at 25). The R&R further recommends that a Certificate of Appealability be denied. (Doc. 28 at 27).

## II.    STANDARD OF REVIEW

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3) ("The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions."). The district judge must review the findings and recommendations of the Magistrate Judge de novo if there is an objection from one or both parties. *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc); *Klamath Siskiyou Wildlands Ctr. v. U.S. Bureau of Land Mgmt.*, 589 F.3d 1027, 1032 (9th Cir. 2009) (the district court "must review *de novo* the portions of the [Magistrate Judge's] recommendations to which the parties object"); *see also* 28 U.S.C. § 636(b)(1) ("[T]he court shall make a de novo determination

- 3 -

of those portions of the [report and recommendation] to which objection is made.").

### III. DISCUSSION

The R&R recommends denying Petitioner habeas relief because his habeas Petition was untimely filed, and neither statutory tolling, equitable tolling, nor the actual innocence gateway apply to render the Petition timely. (Doc. 28 at 14). The R&R additionally recommends denying Petitioner habeas relief because Petitioner did not fairly present his federal claims to the Arizona Court of Appeals, thus Petitioner's claims are procedurally defaulted, and Petitioner failed to show cause and prejudice or actual innocence. (Doc. 28 at 25).

### A. Statute of Limitations

As the R&R correctly recounts, under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Petitioner had one year from the date his conviction became final to file a petition for writ of habeas corpus with this Court. 28 U.S.C. § 2244(d)(1). Petitioner does not object to the R&R's conclusion that Petitioner's conviction became final on October 28, 2021, and thus that the AEDPA statute of limitations began running on October 29, 2021. (Doc. 28 at 7; Doc. 31 at 3).

Under the AEDPA, Petitioner is entitled to "statutory" tolling during any period he had a "properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim" that was pending. 28 U.S.C. § 2244(d)(2). Petitioner does not object to the R&R's finding that the statute of limitations was tolled until no later than June 28, 2023, and thus that he had until June 27, 2024 to file his federal habeas petition. (Doc. 28 at 10–11; Doc. 31 at 3). Petitioner also does not dispute that his petition was filed on July 1, 2024, four days after the deadline. (Doc. 31 at 3). And Petitioner does not object to the R&R's finding that the actual innocence gateway does not apply. (Doc. 31). However, Petitioner objects to the R&R's conclusion that he is not entitled to equitable tolling. (Doc. 28 at 13; Doc. 31 at 3).

#### 1. Equitable Tolling

The AEDPA statute of limitations "is subject to equitable tolling in appropriate

- 4 -

cases." *Holland v. Florida*, 560 U.S. 631, 645 (2010). "[A] petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Id.* at 649 (cleaned up). The doctrine of equitable tolling is applied sparingly. *Scholar v. Pacific Bell*, 963 F.2d 264, 267 (9th Cir. 1992); *Irwin v. Dep't of Veteran Affs.*, 498 U.S. 89, 96 (1990).

To satisfy the first element, a litigant "must show that he has been reasonably diligent in pursuing his rights not only while an impediment to filing caused by an extraordinary circumstance existed, but before and after as well, up to the time of filing his claim" in court. *Smith v. Davis*, 953 F.3d 582, 598–99 (9th Cir. 2020). "The standard for reasonable diligence does not require an overzealous or extreme pursuit of any and every avenue of relief. It requires the effort that a reasonable person might be expected to deliver under his or her particular circumstances." *Doe v. Busby*, 661 F.3d 1001, 1015 (9th Cir. 2011). In determining whether reasonable diligence was exercised, courts "are guided by 'decisions made in other similar cases . . . with awareness of the fact that specific circumstances, often hard to predict in advance, could warrant special treatment in an appropriate case.'" *Fue v. Biter*, 842 F.3d 650, 654 (9th Cir. 2016) (quoting *Holland*, 560 U.S. at 650).

"[T]he second prong of the equitable tolling test is met only where the circumstances that caused a litigant's delay are both extraordinary and beyond its control." *Menominee Indian Tribe of Wisconsin v. U.S.*, 577 U.S. 250, 257 (2016). "[T]his rule does not impose a rigid 'impossibility' standard on litigants," particularly pro se prisoner litigants, but rather requires courts to "decide the issue based on all the circumstances of the case before it." *Smith*, 953 F.3d at 600. "[T]he element of extraordinary circumstances incorporates a causation requirement, which is to be assessed against the standard of reasonable diligence." *Perez v. Reubart*, 150 F.4th 1164, 1171 (9th Cir. 2025). "The only way for a court to evaluate whether an extraordinary circumstance caused the untimely filing is to examine and assess the facts of the case to determine whether a petitioner acting with reasonable diligence could have filed his claim, despite the extraordinary circumstance,

before the limitations period expired." *Smith*, 953 F.3d at 595.

The Magistrate Judge first noted that Petitioner did not present any grounds for equitable tolling in his Petition. (Doc. 28 at 11). Petitioner objects, arguing that the Court did not indicate in the October 10, 2024 Order (Doc. 10) that his filing was untimely. (Doc. 31 at 6–7). However, the Court's July 18, 2024 Order specifically stated that "to the extent that Petitioner asks this Court to deem the Petition timely filed for purposes of the statute of limitations, the Court will deny the Motion" because "[t]he statute of limitations is an affirmative defense that the Court cannot resolve in the absence of an answer from Respondents." (Doc. 7 at 1). Moreover, "[s]uch a notice requirement would . . . convert the judge into the petitioner's private counsel." *Rasberry v. Garcia*, 448 F.3d 1150, 1153 (9th Cir. 2006); *Pliler v. Ford*, 542 U.S. 225, 231 (2004) ("District judges have no obligation to act as counsel or paralegal to *pro se* litigants."). This objection is overruled.

Although Petitioner did not proffer any grounds for equitable tolling in his Amended Petition, the Magistrate Judge construed Petitioner's original Motion to Extend (Doc. 1) as an argument for equitable tolling. (Doc. 28 at 11). In his Motion to Extend, dated June 21, 2024, Petitioner argued the prison library was closed, preventing a filing "on or before June 26," and sought an extension through July 8, 2024 to file his habeas petition. (Doc. 1). Respondents presented evidence that the prison library was open on June 21, 2024, and June 27–28, 2024. Petitioner had not explained why the library closure prevented him from timely filing his petition on June 27 or 28, 2024. (Doc. 28 at 11). Moreover, the Magistrate Judge found that Petitioner proffered nothing to suggest he had been diligently preparing his habeas petition in the year prior to his motion to extend (Doc. 28 at 11–12), and Petitioner failed to show diligence once by filing his petition on June 27 or June 28 when the library closure had passed (Doc. 28 at 13).

Petitioner now offers further explanation as to why the library closure should entitle him to equitable tolling. Petitioner argues he was notified on June 21, 2024 that the library would be closed from June 22 to June 26, 2024, and that he believed the deadline to file his petition was June 26, 2024. (Doc. 31 at 4). Petitioner claims he was unable to file his

petition on June 21, 2024 because "he needed at least a day or two more" to finalize his petition. (Doc. 31 at 4).

Although the library closure constituted merely five days of the one-year statute of limitations, Petitioner argues that the library closure was an extraordinary circumstance because "one or two days can be so important," and because of the closure he was denied "the full time to meet the requirements" of filing his petition. (Doc. 31 at 7). However, a statute of limitations of one year does not mean that a petitioner is entitled to work on their petition every day that year. In fact, given the heightened security restrictions and ordinary limitations common to prison life, it is to be expected that a prisoner's ability to work on his habeas petition would be limited at times. *See Ramirez v. Yates*, 571 F.3d 993, 998 (9th Cir. 2009) ("Ordinary prison limitations on Ramirez's access to the law library and copier . . . were neither 'extraordinary' nor made it 'impossible' for him to file his petition in a timely manner. Given even the most common day-to-day security restrictions in prison, concluding otherwise would permit the exception to swallow the rule—according to Ramirez's theory, AEDPA's limitations period would be tolled for the duration of any and every prisoner's stay in administrative segregation, and likely under a far broader range of circumstances as well."); *Chaffer v. Prosper*, 592 F.3d 1046, 1049 (9th Cir. 2010) (noting that circumstances attributable to "the vicissitudes of prison life" that may make it more challenging to timely file a petition do not constitute extraordinary circumstances unless the petitioner can show that those circumstances actually impede his ability to timely file).

Petitioner was not physically precluded from filing his petition on June 21, 2024, when the law library was open, as evidenced by his filing of the Motion to Extend (Doc. 1) on that day. Rather, it is clear that Petitioner simply believed that filing an extension of time was his best option. (Doc. 31 at 4, 7). Petitioner argues that he is unfamiliar with the law and did not know that in this situation he should have filed his incomplete Petition then sought to amend it later. (Doc. 31 at 7). However, "a pro se petitioner's lack of legal sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling." *Rasberry*, 448 F.3d at 1154.

- 7 -

Petitioner argues he was diligent because he believed the extension of time would be granted but did not wait until July 8, 2024 to file his petition. (Doc. 31 at 5, 8). Petitioner argues that he "was not made aware" that the library was open and available to him on June 27 and June 28, 2024, and that he believed "the next available time to e-file was July 1, 2024." (Doc. 31 at 9). However, Petitioner asserts that the notice he received regarding the library closure indicated that the library would be closed until June 26 (Doc. 31 at 4). Petitioner does not allege that he made any attempt to access the law library between June 27 and June 30, and he does not explain why he believed July 1 would be the next available time for him to e-file. Accordingly, Petitioner's objection on equitable tolling grounds is overruled. Alternatively, even assuming equitable tolling applies, the Court will deny the Petition because Petitioner's claims are procedurally defaulted.

### B. Exhaustion and Procedural Bar

"Before seeking a federal writ of habeas corpus, a state prisoner must exhaust available remedies, 28 U.S.C. § 2254(b)(1), thereby giving the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (cleaned up). "To provide the State with the necessary 'opportunity,' the prisoner must 'fairly present' his claim in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim." *Id.* However, "[i]n cases not carrying a life sentence or death penalty, 'claims of Arizona state prisoners are exhausted for purposes of federal habeas once the Arizona Court of Appeals has ruled on them.'" *Castillo v. McFadden*, 399 F.3d 993, 998 n.3 (9th Cir. 2005) (quoting *Swoopes v. Sublett*, 196 F.3d 1008, 1010 (9th Cir. 1999)). "A petitioner fairly and fully presents a claim to the state court for purposes of satisfying the exhaustion requirement if he presents the claim: (1) to the proper forum, (2) through the proper vehicle, and (3) by providing the proper factual and legal basis for the claim." *Insyxiengmay v. Morgan*, 403 F.3d 657, 668 (9th Cir. 2005). "A petitioner must alert the state courts to the fact that he is asserting a federal claim in order to fairly and fully present the legal basis of the claim." *Id.*

The R&R concluded that "Petitioner failed to fairly present to the Arizona Court of Appeals any of his claims in the Petition." (Doc. 28 15 18). Petitioner objects and argues that his appellate attorney on direct appeal misled Petitioner into attempting to exhaust his claims in the Arizona Supreme Court. (Doc. 28 at 9–10). Petitioner argues that he alerted the Arizona Supreme Court in his Petition for Review that he was bringing federal constitutional claims. (Doc. 28 at 10).

As the R&R correctly explains, presenting his claims to the Arizona Supreme Court but not the Arizona Court of Appeals is not a fair presentation of Petitioner's claims. (Doc. 28 at 15); *Roettgen v. Copeland*, 33 F.3d 36, 38 (9th Cir. 1994) ("Submitting a new claim to the state's highest court in a procedural context in which its merits will not be considered absent special circumstances does not constitute fair presentation."); *Casey v. Moore*, 386 F.3d 896, 916 (9th Cir. 2004) ("[T]o exhaust a habeas claim, a petitioner must properly raise it on every level of direct review.").

Moreover, Petitioner argues that he was misled by a letter that his appellate attorney sent on November 12, 2020. (Doc. 31 at 9, 14). However, this correspondence with the attorney occurred after the Arizona Court of Appeals affirmed his convictions and sentence on November 10, 2020. (Doc. 28 at 2–3). Accordingly, Petitioner's reliance on the attorney's advice had no impact on his failure to fairly present his federal claims in the Arizona Court of Appeals because his direct appeal had already occurred. Additionally, Petitioner did not present an ineffective assistance of counsel claim in his PCR petition that was filed after Petitioner's receipt of the letter. (Doc. 28 at 16; Doc. 32 at 5). Therefore, Petitioner's objection as to exhaustion is overruled.

The R&R further concludes that Petitioner's claims are procedurally barred because Arizona's time and waiver bars would prevent Petitioner from returning to state court. (Doc. 28 at 18–22); *Franklin v. Johnson*, 290 F.3d 1223, 1231 (9th Cir. 2002) ("When a petitioner's claims are procedurally barred and a petitioner cannot show cause and prejudice for the default, . . . the district court dismisses the petition because the petitioner has no further recourse in state court."). The R&R found that Petitioner failed to show that

the cause and prejudice or actual innocence exceptions applied here. (Doc. 28 at 22–25); *Dretke v. Haley*, 541 U.S. 386, 388 (2004) (noting "a federal court will not entertain a procedurally defaulted constitutional claim in a petition for habeas corpus absent a showing of cause and prejudice to excuse the default," and recognizing "a narrow exception to the general rule when the habeas applicant can demonstrate that the alleged constitutional error has resulted in the conviction of one who is actually innocent of the underlying offense"). Because Petitioner does not object to the R&R's finding that the cause and prejudice or actual innocence exceptions do not apply, and thus that these claims are procedurally barred, the Court accepts this finding. *See Schmidt v. Johnstone*, 263 F. Supp. 2d 1219, 1226 (D. Ariz. 2003) ("Following *Reyna-Tapia*, this Court concludes that *de novo* review of factual and legal issues is required if objections are made, 'but not otherwise.'" (quoting *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003))).

## C. Certificate of Appealability

Before Petitioner can appeal this Court's judgment, a certificate of appealability ("COA") must issue. *See* 28 U.S.C. § 2253(c)(1)(A); Fed. R. App. P. 22(b)(1); Rule 11(a) of the Rules Governing Section 2254 Cases. "The district court must issue or deny a certification of appealability when it enters a final order adverse to the applicant." Rule 11(a) of the Rules Governing Section 2254 Cases. Pursuant to 28 U.S.C. § 2253(c)(2), a COA may issue only when the petitioner "has made a substantial showing of the denial of a constitutional right." The court must indicate which specific issues satisfy this showing. *See* 28 U.S.C. § 2253(c)(3). When the district court denies a habeas petition on procedural grounds without reaching the merits of the underlying constitutional claim, a COA will issue only if reasonable jurists could debate (1) whether the petition states a valid claim of the denial of a constitutional right and (2) whether the court's procedural ruling was correct. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Upon review of the record, the Court concludes that a COA shall not issue because the resolution of the Petition is not debatable among reasonable jurists. *See Ramirez v. Thornell*, CV-23-00114-TUC-JGZ, 2023 WL 8622630, at *1 (D. Ariz. Dec. 13, 2023).

## IV.    CONCLUSION

Accordingly,

**IT IS ORDERED** that the Report and Recommendation (Doc. 28) is **accepted** and **adopted**; Petitioner's objections (Doc. 31) are **overruled**. Petitioner's Amended Petition (Doc. 11) is **denied** and **dismissed with prejudice**, and the Clerk of the Court shall enter judgment accordingly.

**IT IS FURTHER ORDERED** that Petitioner's request for a Certificate of Appealability is **denied** and a Certificate of Appealability shall not issue.

Dated this 15th day of July, 2026.

James A. Teilborg
Senior United States District Judge